UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| IN RE: DICAMBA HERBICIDES LITIGATION | ) ) ) | MDL No. 2820 |
| *This document relates to:* | ) | |
| **Bruce Farms Partnership, et al.** | ) | Case No. 1:18cv26 |

## MEMORANDUM and ORDER

On April 5, 2019, plaintiff Chris Oakes filed a memorandum motion for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2) (#360). The motion was styled as a "notice" on the docket sheet, among numerous notices of deposition,[1] instead of as a "motion," so the matter was not flagged for this Court until September 20. Defendants oppose the motion because, unlike the other plaintiffs in this matter which have been permitted to voluntarily dismiss without prejudice, plaintiff Chris Oaks filed his motion after the defendants answered the complaint. Defendants object to the dismissal of Oakes's case without prejudice unless Oakes both produces a complete plaintiff fact sheet ("PFS"), along with required documents, and sits for a deposition.

Oakes was named as a plaintiff in the Crop Damage Master Complaint. He submitted a PFS on August 1, 2018, but he has failed to produce the Supplement 12 form and supplemental PFS responses to questions 13 and 14. Oakes's counsel assured defense counsel he was working on obtaining the supplemental responses, but no supplement has been filed. Plaintiff Oakes's counsel explains that those responses were not required by the original PFS, but rather they were later required of plaintiffs after consultation with

---

[1] The Court typically does not permit discovery-related documents to be filed on the docket sheet. However, at the request of the parties in this multi-district litigation, the parties are permitted to file notices of deposition to allow for convenient service of notice on the myriad attorneys involved in the MDL.

the Special Master, and that they should not be a basis for denying dismissal without prejudice. Oakes's counsel also explains that they have been unable to reach Chris Oakes, as Oakes has been "unresponsive since substantially completing his original PFS." As a result, counsel states that they intend to file a motion to withdraw. Nonetheless, counsel argues that other plaintiffs have been allowed to voluntarily dismiss without prejudice without sitting for depositions, so Oakes should be allowed to do so without sitting for a deposition.

However, counsel fails to acknowledge that Chris Oakes, unlike the other plaintiffs permitted to voluntarily dismiss without prejudice, filed his motion to dismiss after defendants answered the complaint and after defendants noticed a deposition for Oakes. The Court will allow plaintiff Chris Oakes 10 days to update his PFS responses as required by the Special Master and to set a date for his deposition. If, by the expiration of that 10-day period, plaintiff has not done so, then his dismissal will be entered with prejudice.

Accordingly,

IT IS HEREBY ORDERED that plaintiff Chris Oakes's motion for voluntary dismissal without prejudice (#360) is HELD IN ABEYANCE.

IT IS FURTHER ORDERED that, by October 3, 2019, plaintiff Chris Oakes shall file a memorandum with the Court certifying that he has updated his PFS responses as required by the Special Master and that he has sat for or set a date for his deposition; failure to file such a memorandum will result in dismissal with prejudice.

Dated this 23rdst day of September, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE